**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSE PACHECO,**

    **Plaintiff,**

**v.**                                                                                                **Case No: 5:14-cv-108-Oc-10PRL**

**BORDEN DAIRY COMPANY OF**
**FLORIDA, LLC and DAVID HALL**

    **Defendants.**

## ORDER

In this action, Plaintiff brings employment discrimination claims against Borden Dairy Company of Florida, LLC (Borden) and individual Defendant David Hall. This case is now before the Court for consideration of Plaintiff's Motion to Quash Subpoenas to Non-Parties or, in the Alternative, Motion for Protective Order and for Interim Order Pending Ruling by Court (Doc. 14), to which Defendants have responded (Doc. 24). Importantly, also pending is Plaintiff's Motion to Remand (Doc. 11), which the undersigned has recommended be granted. The Report and Recommendation is currently before the District Judge.

Plaintiff's motion to quash or for protective order pertains to a series of three subpoenas duces tecum that Defendants Borden Dairy Company of Florida, LLC (Borden) and David Hall have served on Plainitff's prior employers seeking Plaintiff's employment records. Plaintiff moves to quash Defendants' subpoenas pursuant to Federal Rule of Civil Procedure 45(c) or, in the alternative, moves for a protective order pursuant to Federal Rule of Civil Procedure 36(c) prohibiting Defendants from serving or seeking discovery pursuant to the subpoenas. Plaintiff

also requests that, if necessary, the Court issue an interim order to maintain the status quo until the matter can be resolved.

The subpoenas at issue seek "All records pertaining to employment and job placement of Jose Pacheco [Plaintiff] including applications, work history, personnel file, discipline records, employment contracts/agreements, documents relating to absences/leaves, attendance, performance." Copies of the subpoenas are attached to Plaintiff's motion. (Doc. 14, p. 31-33).

Plaintiff contends that the subpoenas are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and are nothing more than a "fishing expedition," citing an abundance of case law such as *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 242-244 (E.D. Va. 2012) (quashing subpoenas to plaintiff's prior employers and finding subpoenas "overbroad on their face" in seeking "the complete personnel file of plaintiff") and *EEOC v. Evening Entertainment Group, LLC*, 2012 WL 2357261, at *1 (D. Ariz. June 20, 2012)("Defendant's blanket requests for all personnel records from three former employers are overbroad on their face and amount to a fishing expedition."). Plaintiff argues that the records are irrelevant and unlikely to lead to discoverable evidence, citing *Liles v. Stuart Weitzman, LLC*, 2010 WL 1839229 (S.D. Fla. May 6, 2010) (rejecting defendant's argument that a plaintiff's employment records from his former employer are relevant or likely to lead to admissible evidence).

In response, Defendant contends that the records are relevant to Defendant's defenses, Plaintiff's claims for damages, and the credibility of Plaintiff. Defendant points out that the three employers from whom the records are sought were listed on Plaintiff's application for employment with Borden. Defendant argues that, on his employment application, Plaintiff lists reasons for leaving each of these employers, as well as his duties at each. Defendant contends that whether

Plaintiff made misrepresentations to his prior employers and/or to Borden bears directly on his credibility. Defendant also argues that Plaintiff's overbroad objection must be overruled in light of a release he signed in his application for employment for Borden, which authorized Borden to contact former employers regarding his "background." The release stated, "I hereby authorize and direct each employer and source of information to answer any and all questions regarding my prior employment and background." (Ex. C to Doc. 24).

Rule 26(c) of the Federal Rules of Civil Procedure provides that "upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). The party seeking the protective order has the burden to demonstrate good cause. *Id.* In determining whether good cause exists, the federal courts have created their own balancing of interests approach. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir.2001) ("Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement.") Thus, this Court must balance Defendants' interest in obtaining Plaintiff's personnel files against Plaintiff's interest in keeping the files confidential. *See id*. Moreover, since this matter concerns non-parties, the Court should also consider the interests of the non-parties and whether Defendant can obtain the information it requests from another source.

Courts also have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive Fed.R.Civ.P. 26(b)(2). Courts may also limit discovery in an effort to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c).

Here, Plaintiff's position that the subpoenas are overly broad and not reasonably calculated to lead to the discovery of admissible evidence arguably has merit. In light of the recommendation that this case be remanded to state court for lack of diversity jurisdiction, however, the proper scope of discovery is unlikely to be determined by this Court. Indeed, it appears that this Court lacks jurisdiction over this matter altogether, as explained in the recent Report and Recommendation regarding Plaintiff's Motion to Remand.

Consequently, ruling will be deferred on Plaintiff's Motion to Quash Subpoenas to Non-Parties or, in the Alternative, Motion for Protective Order (Doc. 14) until Plaintiff's Motion to Remand is resolved and the matter can be addressed either in state court, or by this Court at a later time (in the event that the case is not remanded). Pursuant to Federal Rules of Civil Procedure 26(c) and 45(d), the Court finds that the interests of justice require that Plaintiff's motion for an interim protective order to maintain the status quo (Doc. 14) be **GRANTED**, and that the subpoenas duces tecum directed to Plaintiff's former employers, Queensboro Farm Products, Inc., Lesi, and First American Van Lines (Doc. 14, p. 31-33) be deemed **QUASHED** pending resolution of the Motion to Remand, and Plaintiff's former employers shall not respond to the subpoenas duces tecum.

**DONE** and **ORDERED** in Ocala, Florida on May 2, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties